IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOFFER ALLEN JOSEPHSON,<br><br>Plaintiff,<br><br>v.<br><br>JOYCE OLSON, et al.,<br><br>Defendants. | No. 2:24-CV-0912-DAD-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion docketed as a motion for a temporary restraining order. See ECF No. 4.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). When a mandatory injunction is sought – one that goes beyond simply maintaining the status quo during litigation – the moving party bears a "doubly demanding" burden and must establish that the law and facts clearly supports injunctive relief. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." Id. (internal quotations

1  omitted).

2  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied.'"  See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting Alliance for the Wild Rockies v. Cottress, 632 F.3d 1127, 1135 (9th Cir. 2011)).

To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."  Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  Thus, there must be a nexus between the claims raised in the motion and the claims in the underlying complaint itself.  See id.  This nexus is satisfied where the preliminary injunction would grant "relief of the same character as that which may be granted finally."  See id. (quoting De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

The Court cannot issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

/ / /

/ / /

        Plaintiff's motion is filed on a California state court form. See ECF No. 4. The form is entitled "Application for Writ of Possession." Id. at 1. Plaintiff has checked boxes indicating that he is seeking ex parte relief and a temporary restraining order. See id. The remainder of the form is undecipherable. Attached to the form is a one-page list of items of personal property which Plaintiff claims were improperly seized. See id. at 3. From this, it appears that Plaintiff is seeking some form of injunctive relief with respect to seized property. The current motion does not allege that Plaintiff is under any threat of irreparable harm. Nor has Plaintiff set forth any facts to suggest a likelihood of success on the merits.

        Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 4, be denied.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 25, 2024

                DENNIS M. COTA
                UNITED STATES MAGISTRATE JUDGE