IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KRISTOFFER ALLEN JOSEPHSON, | No. 2:24-CV-0912-DAD-DMC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JOYCE OLSON, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

///

///

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed the operative complaint, ECF No. 1, on March 22, 2024. Plaintiff then filed three separate exhibits, ECF Nos. 10, 11, and 13, in April 2024. Plaintiff filed a request to add defendants to the action on July 25, 2024. See ECF No. 17. Plaintiff then filed a notice of his plan to appeal at state conviction, ECF No. 19. On September 20, 2024, the Court responded to ECF No. 17, construing it as a request for leave to amend, and clarified to Plaintiff that he can amend his complaint as-of-right, directing Plaintiff to file an amended complaint within 30 days. See ECF No. 20. On January 31, 2025, Plaintiff filed a "notice re family history ledger." ECF No. 23. To date, Plaintiff has not filed an amended complaint.

Plaintiff filed a motion for ex parte restraining order, ECF No. 4, and the District Judge referred the matter to the undersigned, ECF No. 5. The Court issued findings and recommendations denying Plaintiff's motion, ECF No. 21, and the District Judge adopted those findings January 15, 2025. See ECF No. 22.

///
///
///

      **B.**      <u>**Plaintiff's Allegations**</u>

      In the original complaint, Plaintiff indicates that the basis for jurisdiction is a federal question, writing "Land" in the form under the section that directs a plaintiff to "List the specific federal statutes, federal treaties, and/or provisions of the United State Constitution that are at issue in this case." ECF No. 1, pg. 4. Plaintiff alleges that the amount in controversy is "7.75 acres of family land that is not too be sold it is to be protected." <u>Id.</u> at 5.

      It appears from Plaintiff's subsequent filings, ECF Nos. 10, 11, 13, 17, and 19, that this case arises from Plaintiffs' eviction from property and subsequent, related state criminal proceedings against Plaintiff. In ECF No. 19, filed as a notice of plan to appeal, Plaintiff alleges a Fourth Amendment violation. <u>See</u> ECF No. 19, pg. 3.

## II. DISCUSSION

      As currently pled, Plaintiff's operative complaint, ECF No. 1, does not establish subject-matter jurisdiction. <u>See</u> Fed. R. Civ. P. 12(h)(3). However, Plaintiff's subsequent filings indicate there may be subject-matter jurisdiction. Thus, leave to amend is appropriate.

      Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. <u>See</u> Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. <u>See</u> <u>id.</u> Plaintiff is informed that the amended complaint must include all allegations and Defendants Plaintiff seeks to include in this action. The Court will not look to prior or subsequent filings to supplement the amended complaint.

///

///

///

3

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint, ECF No. 1, is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: April 11, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4